## Joseph et ux. v. Rotunno et ux.

*Gilbert E. Long*, for plaintiffs.

*J. Elder Bryan* and *Robert L. Wallace*, for defendants.

LAMOREE, J., January 12, 1948.—In this case plaintiffs filed a complaint in ejectment against defendants to which defendants filed a demurrer. Defendants, as

a basis for their demurrer to the complaint, contend that the action instituted by plaintiffs is res judicata because the same precise questions of title and the same lands as described in the writ and involved in the present case were pleaded and issue was joined thereon and tried and determined by the court and a jury at no. 44, September term, 1945, wherein defendants in this case were plaintiffs and plaintiffs in this case were defendants. Further, that the jury on April 4, 1946, returned a verdict for the then plaintiffs and against defendants, now plaintiffs, for the premises described in the writ, which are the same premises described in the present writ.

Plaintiffs in this case, former defendants in the other case, asked for a new trial and after arguments before the court on December 9, 1946, the court entered an order wherein the assignments of error were dismissed and the motion for a new trial was refused. Plaintiffs in this action, defendants in the former action, then appealed to the Superior Court of Pennsylvania at no. 153, April term, 1947, and after argument, the Superior Court in a per curiam opinion filed July 17, 1947 (Rotunno et ux. v. Joseph et ux., 161 Pa. Superior Ct. 57), dismissed the appeal. Defendants here ask that judgment be entered for defendants and that the case be dismissed at the cost of plaintiffs.

Defendants here have raised an affirmative defense and we feel bound by Rule 1030 of the new Procedural Rules, which reads as follows:

"The defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver shall be pleaded in a responsive pleading under the heading 'New Matter'. Any other affirmative defense may be similarly pleaded."

Under that rule it seems clear that defendants' demurrer must be dismissed and that they be required to plead in conformity with Rule 1030 of the Rules of Civil Procedure.

In accordance with the foregoing we are entering the following

*Order*

Now January 12, 1948, defendants' demurrer to plaintiffs' complaint is dismissed and defendants are directed to file an answer to the complaint within 15 days from the date of this order.